Arran Washington III
**FULL NAME**

_____
**COMMITTED NAME (if different)**

4436 Calle Real
**FULL ADDRESS INCLUDING NAME OF INSTITUTION**

Santa Barbara CA 93110

0108885
**PRISON NUMBER (if applicable)**



# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

Arran Washington III

**PLAINTIFF,**

v.

Santa Barbara County Sheriff's Dept.

**DEFENDANT(S).**

CASE NUMBER

**CV 20 - 00534 -DMG(PJWx)**

*To be supplied by the Clerk*

### CIVIL RIGHTS COMPLAINT
### PURSUANT TO *(Check one)*

☑ 42 U.S.C. § 1983
☐ Bivens v. Six Unknown Agents 403 U.S. 388 (1971)

## A. PREVIOUS LAWSUITS

1. Have you brought any other lawsuits in a federal court while a prisoner: ☑ Yes   ☐ No

2. If your answer to "1." is yes, how many?   _____1_____

   Describe the lawsuit in the space below.  (If there is more than one lawsuit, describe the additional lawsuits on an attached piece of paper using the same outline.)

   ADA complaint against Superior Court of California County of Santa Barbara (Case number CV19-10535-DOC (AS))



a. Parties to this previous lawsuit:
Plaintiff _Arron Washington III_

Defendants _Superior Court of California county of Santa Barbara_

b. Court _USDC/Central District of California_

c. Docket or case number _CV19-10535-DOC (AS)_

d. Name of judge to whom case was assigned _David O Carter, Judge_

e. Disposition (For example: Was the case dismissed? If so, what was the basis for dismissal? Was it appealed? Is it still pending?) _pending_

f. Issues raised: _ADA violation_

g. Approximate date of filing lawsuit: _12/12/19_

h. Approximate date of disposition _pending_

## B. EXHAUSTION OF ADMINISTRATIVE REMEDIES

1. Is there a grievance procedure available at the institution where the events relating to your current complaint occurred? ☑ Yes ☐ No

2. Have you filed a grievance concerning the facts relating to your current complaint? ☑ Yes ☐ No

   If your answer is no, explain why not _____

3. Is the grievance procedure completed? ☑ Yes ☐ No

   If your answer is no, explain why not _____

4. Please attach copies of papers related to the grievance procedure. _( see Exhibit A)_

## C. JURISDICTION

This complaint alleges that the civil rights of plaintiff _Arron Washington III_
(print plaintiff's name)

who presently resides at _4436 Calle Real/Santa Barbara CA 93110_
(mailing address or place of confinement)

were violated by the actions of the defendant(s) named below, which actions were directed against plaintiff at
_Santa Barbara County Jail_
(institution/city where violation occurred)

on (date or dates) _Continuing_ , _continuing_ , _continuing_ .
(Claim I)          (Claim II)          (Claim III)

**NOTE:** You need not name more than one defendant or allege more than one claim. If you are naming more than five (5) defendants, make a copy of this page to provide the information for additional defendants.

1. Defendant _Santa Barbara County Sheriff's Department_ resides or works at
(full name of first defendant)
_4434 Calle Real / Santa Barbara CA 93110_
(full address of first defendant)

_____
(defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☐ individual ☑ official capacity.

Explain how this defendant was acting under color of law:
_The custodial agency where defendant is incarcerated_

2. Defendant _____ resides or works at
(full name of first defendant)

_____
(full address of first defendant)

_____
(defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☐ individual ☐ official capacity.

Explain how this defendant was acting under color of law:

_____

_____

3. Defendant _____ resides or works at
(full name of first defendant)

_____
(full address of first defendant)

_____
(defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☐ individual ☐ official capacity.

Explain how this defendant was acting under color of law:

_____

_____

4. Defendant _____ resides or works at
   (full name of first defendant)

   _____
   (full address of first defendant)

   _____
   (defendant's position and title, if any)

   The defendant is sued in his/her (Check one or both): ☐ individual     ☐ official capacity.

   Explain how this defendant was acting under color of law:

   _____

   _____

5. Defendant _____ resides or works at
   (full name of first defendant)

   _____
   (full address of first defendant)

   _____
   (defendant's position and title, if any)

   The defendant is sued in his/her (Check one or both): ☐ individual     ☐ official capacity.

   Explain how this defendant was acting under color of law:

   _____

   _____

**D. CLAIMS\***

**CLAIM I**

The following civil right has been violated:

_See attached Grounds and Claims for Relief_

Supporting Facts:  Include all facts you consider important.  State the facts clearly, in your own words, and without citing legal authority or argument.  Be certain you describe, in separately numbered paragraphs, exactly what each DEFENDANT (by name) did to violate your right.

_See attached Statement of Facts_

_\*If there is more than one claim, describe the additional claim(s) on another attached piece of paper using the same outline._

**CIVIL RIGHTS COMPLAINT**

**E. REQUEST FOR RELIEF**

I believe that I am entitled to the following specific relief:

*See attached Prayer for Relief*

_12/2C/19_
*(Date)*

_____
*(Signature of Plaintiff)*

## Statement of Facts

### Introduction

Defendant failed to provide plaintiff with meaningful access to the program of outside exercise within the meaning of Title II of the Americans with Disabilities Act (42 USCA § 12132 et seq)(hereinafter the Act.)

### Parties

1. Plaintiff Arvon Washington III is, and at all times herein was, a resident of the County of Santa Barbara, State of California. Plaintiff is disabled within the meaning of the Act in that he suffers from chronic hydrocephalus and end-stage glaucoma disabilities that substantially limit/impact his major life activities of walking and seeing.

2. Defendant Santa Barbara County Sheriff's Department is a public entity within the meaning of the Act and is, and at all times herein was, the custodial agency responsible for the operation and compliance of the Santa

Barbara County Jail wherein plaintiff was, and is, incarcerated on charges unrelated to the allegations herein contained.

## Allegations

3. On, or about, February 25, 2019 plaintiff was booked in to the Santa Barbara County Jail following a brief hospitalization after his arrest on February 22, 2019. Plaintiff was given a wheelchair immediately upon arrival due to his being a "fall risk" and his being on blood thinners as a consequence of having apical thrombus in his left ventricle (blood clots in his left ventricle).

4. Plaintiff has had a wheelchair prescribed to him for the entire duration of his stay in the county jail. On date unknown plaintiff's wheelchair order was modified to allow him use of the wheelchair outside of the housing unit only but not inside. On November 13, 2019 plaintiff's wheelchair order was again modified to allow him

8

fulltime access to a wheelchair (Exhibits B (Disability Request for Accommodation showing plaintiff arrived utilizing a wheel-chair) and c (Medical Treatment Order for Patient Housing authorizing fulltime use of wheelchair)).

5. Inmates at the county jail are afforded three (3) hours of outside exercise per Division I, Title 15 California Code of Regulations section 1065 but the exercise yard for South Dorm (where plaintiff has been housed for the duration of his incarceration (excepting the three (3) times he was hospitalized at Cottage Hospital Santa Barbara, and the few days he was housed in an isolation cell while engaged in a hunger strike) has no handicapped accessible exercise equipment available nor are disabled inmates allowed to take cards, reading materials, or other forms of entertainment outside. While non-disabled inmates are afforded access to a handball court, pull up bars, and an area to jog, there are no comparable activities available for

wheelchair bound inmates.

6. Plaintiff's end-stage glaucoma, and the treatment thereof, has rendered plaintiff's eyes legally blind and sensitive to light (Exhibit D, Medical report from Center for the Partially Sighted). Defendant supplies inmates with reading materials through an inmate library. Because of plaintiff's disability he is unable to meaningfully access the books provided by defendant, and requested the reasonable accommodation of being allowed access to the federal Talking Book Library for the Blind and Physically Handicapped program. Reading in florescent lighting, even with bifocal lenses, cause plaintiff eye pain and headaches necessitating that he frequently stop reading in order to rest his eyes, as a result he cannot meaningfully access library materials nor derive the benefits of doing so.

7. Plaintiff has exhausted all of his administrative remedies and has complied with the California Government Tort Claims

Act. Defendant has failed to accommodate plaintiff's disabilities or provide him with meaningful access to its programs, services, and/or activities.

## Grounds for Relief
## Americans with Disabilities Act Grounds
## (Title 42 USC §§ 12131 et seq.)

8. Plaintiff realleges and incorporates by reference paragraphs 1 through 7 as though fully set forth herein.

9. Plaintiff alleges he had a right to meaningful access to defendants' programs, services, and activities and defendant denied him that right by refusing to provide plaintiff with the reasonable accommodation of providing exercise equipment to wheelchair bound inmates.

10. Plaintiff further alleges he had a right to meaningful access to defendants' programs, services, and activities and defendant denied him that right by refusing to provide plaintiff with the reasonable accommodation of modifying rules

to allow wheelchair bound inmates to take books or playing cards outside.

11. Plaintiff further alleges he had a right to meaningful access to defendant's programs, services, and activities and defendant denied him that right by refusing to provide plaintiff with the reasonable accommodation of being allowed to access the Talking Book Library for the Blind and Physically Handicapped.

## Unruh Civil Rights Act Grounds
## (Cal. Civ. Code §§ 51 et seq.)

12. Plaintiff realleges and incorporates by reference paragraphs 1 through 12 as though fully set forth herein.

13. Plaintiff alleges he had a right to meaningful access to defendant's programs, services, and activities and defendant denied him that right by refusing to provide plaintiff with the reasonable accommodation of providing exercise equipment to wheelchair bound inmates.

14. Plaintiff further alleges that he had a right to meaningful access to defendant's programs, services and activities and defendant denied him that right by refusing to provide plaintiff with the reasonable accommodation of modifying rules to allow wheelchair bound inmates to take books or playing cards outside.

15. Plaintiff further alleges he had a right to meaningful access to defendant's programs, services, and activities and defendant denied him that right by refusing to provide plaintiff with the reasonable accommodation of being allowed to access the Talking Books Library for the Blind and Physically Handicapped.

Disabled Persons Act
(Cal. Civ. Code §§ 54.1 et seq)

16. Plaintiff realleges and incorporates by reference paragraphs 1 through 15 as though fully set forth herein.

17. Plaintiff alleges he had a right to

meaningful access to defendants' programs, services, and activities and defendant denied him that right by refusing to provide plaintiff with the reasonable accommodation of providing exercise equipment to wheelchair bound inmates.

18. Plaintiff further alleges that he had a right to meaningful access to defendants' programs, services, and activities and defendant denied him that right by refusing to provide plaintiff with the reasonable accommodation of modifying rules to allow wheelchair bound inmates to take books or playing cards outside.

19. Plaintiff further alleges he had a right to meaningful access to defendants' programs, services, and activities and defendant denied him that right by refusing to provide plaintiff with the reasonable accommodation of being allowed to access the Talking Books Library for the Blind and Physically Handicapped.

## Claims for Relief
### Americans with Disabilities Act Claims

20. Plaintiff realleges and incorporates by reference paragraphs 1 through 19 as though fully set forth herein.

21. Plaintiff alleges that defendant owed him a duty of care under the Act to provide him with meaningful access to its programs, services, and activities and failed in that duty by denying plaintiff the reasonable accommodation of providing exercise equipment to wheelchair bound inmates to allow them meaningful access to the program of outside exercise in a manner comparable to non-disabled inmates.

22. Plaintiff further alleges that defendant owed him a duty of care under the Act to provide him with meaningful access to its programs, services, and activities and failed in that duty by denying plaintiff the reasonable accommodation of modifying its rules to allow wheelchair bound inmates to take books or playing cards outside to the yard to allow plaintiff meaningful access thereto in a manner comparable

to non-disabled inmates.

23. Plaintiff further alleges that defendant owed him a duty of care under the Act to provide him with meaningful access to its programs, services, and activities and failed in that duty by denying plaintff the reasonable accommodation of being allowed to access the Talking Books Library for the Blind and Physically Handicapped to allow him meaningful access to their library service in a manner comparable to non-disabled inmates.

24. Plaintiff further alleges that as a result of defendant's acts he suffered damages in an amount to be determined at trial.

Unruh Civil Rights Act Claims

25. Plaintiff realleges and incorporates by reference paragraphs 1 through 24 as though fully set forth herein.

16

26. Plaintiff alleges that defendant owed him a duty of care under the Unruh Civil Rights Act (hereinafter UCRA) in that any intentional violation of the Act also constitutes a violation of the UCRA.

27. Plaintiff further alleges that defendant owed him a duty of care to provide him meaningful access to its programs, services, and activities and failed in that duty by intentionally denying plaintiff the reasonable accommodation of providing exercise equipment to wheelchair bound inmates to allow them meaningful access to the program of outside exercise in a manner comparable to non-disabled inmates.

28. Plaintiff further alleges that defendant owed him a duty of care to provide him meaningful access to its programs, services, and activities and failed in that duty by intentionally denying plaintiff the reasonable accommodation of modifying its rules to allow wheelchair bound inmates to take books or playing

17

cards outside to the yard to allow plaintiff meaningful access thereto in a manner comparable to non-disabled inmates.

29. Plaintiff further alleges that defendant owed him a duty of care to provide him meaningful access to its programs, services, and activities and failed in that duty by intentionally denying plaintiff the reasonable accommodation of being allowed to access the Talking Books Library for the Blind and Physically Handicapped to allow him meaningful access to its library service in a manner comparable to non-disabled inmates.

30. Plaintiff further alleges that as a result of defendant's actions he suffered damages in an amount to be determined at trial.

Disabled Persons Act Claims

31. Plaintiff realleges and incorporates by reference paragraphs 1 through 30 as

though fully set forth herein.

32. Plaintiff alleges that defendant owed him a duty of care under the Disabled Persons Act (hereinafter DPA) in that any negligent violation of the Act also constitutes a violation of the DPA.

33. Plaintiff further alleges that defendant owed him a duty of care to provide him with meaningful access to its programs, services, and activities and failed in that duty by negligently denying plaintiff the reasonable accommodation of providing exercise equipment to wheelchair bound inmates to allow them meaningful access to the program of outside exercise in a manner comparable to non-disabled inmates.

34. Plaintiff further alleges that defendant owed him a duty of care to provide him meaningful access to its programs, services, and activities and failed in that duty by negligently denying

plaintiff the reasonable accommodation of modifying its rules to allow wheelchair-bound inmates to take books or playing cards outside to the yard to allow plaintiff meaningful access thereto in a manner comparable to non-disabled inmates.

35. Plaintiff further alleges that defendant owed him a duty of care to provide him meaningful access to its programs, services, and activities and failed in that duty by negligently denying plaintiff the reasonable accommodation of being allowed access to the Talking Books Library for the Blind and Physically Handicapped to allow him meaningful access to its library service in a manner comparable to non-disabled inmates.

36. Plaintiff further alleges that as a result of defendant's actions he suffered damages in an amount to be determined at trial.

Prayer for Damages

20

WHEREFORE Plaintiff hereby prays the following relief:

a. Declaratory judgment declaring the rights of the parties;

b. Injunctive relief ordering defendant to install hand peddled exercise bikes and dip bars to allow wheelchair bound inmates access to cardio and resistence exercises comparable to exercises available for non-disabled inmates;

c. Injunctive relief ordering defendant to modify its rules to allow wheelchair bound inmates to bring books or playing cards to the outside exercise yard for those disabled inmates who, solely because of their disability, cannot engage in exercise;

d. Statutory damages in the amount of $4,000 pursuant to the UCRA for the intentional violation of the Act in defendant's failure to provide

wheelchair bound inmates with access to exercise equipment;

e. Statutory damages in the amount of $4,000 pursuant to the UCRA for the intentional violation of the Act in defendant's refusal to modify its rules to allow wheelchair bound inmates to bring books or playing cards outside to provide them with meaningful access to the outside exercise yard;

f. Statutory damages in the amount of $4,000 pursuant to the UCRA for the intentional violation of the Act in defendant's refusal to allow plaintiff access to the Talking Books Library for the Blind and Physically Handicapped to allow him meaningful access to its library service in a manner comparable to non-disabled inmates;

g. Statutory damages in the

amount of $1,000 pursuant to the DPA
for the negligent violation of the Act
in defendant's failure to provide
wheelchair bound inmate with meaningful
access to exercise equipment;

h. Statutory damages in the
amount of $1,000 pursuant to the DPA for
the negligent violation of the Act in
defendant's refusal to modify its rules
to allow wheelchair bound inmates to
bring books or playing cards outside
to provide them with meaning access
to the outside exercise yard;

i. Statutory damages in the
amount of $1,000 pursuant to the DPA
for the negligent violation of the Act
in defendant's refusal to allow plaintiff
access to the Talking Books Library for
the Blind and Physically Handicapped to
allow him meaningful access to its
library service in a manner comparable
to non-disabled inmates;

j. Compensatory damages in an amount according to proof for the violation of plaintiffs' rights under the Act;

k. Plaintiff's costs in this action pursuant to the Act;

l. Any, all, such, and further relief as this court deems fair, just and proper.

Signed this 26th day of December 2019 under penalty of perjury of the laws of the United States that the foregoing is true and correct, and executed in the County of Santa Barbara, State of California.

Arvon Washington III
In Propria Persona

24

# EXHIBIT A

# SANTA BARBARA COUNTY SHERIFF'S OFFICE
## Custody Operations – Inmate Grievance Form

Staff Use Only
CID# 010888 5
LOG# 16331

Name: A. Washington    Booking#: 1115828    Housing: South Dorm

Date: 9/16/19    Check One: ☑ Grievance    ☐ Appeal Log#: _____

I am a physically disabled prisoner who is forced to go to the outdoor recreation yard twice a week but can do nothing out there but sit. And yet, despite the lack of handicapped accessible activities on the yard I cannot take out a book to read or a deck of playing cards; whereas non-handicapped inmates can walk & jog, play handball, do pull-up to entertain themselves, there are now no similar activities available for the handicapped. I am therefore seeking to be allowed to take cards and/or reading materials to the yard in order derive a meaningful benefit to the access to the yard. Either that, or the installation of handicapped accessible exercise equipment.

**Jail policy is that a written response will be provided within 15 days of receipt of the grievance.**

If this grievance is related to the Medical, Psychiatric/Mental Health, Dental, or Vision care provided to you during this incarceration, you **must** complete and sign the release form on the reverse side of this sheet. Failure to sign the release form will limit the Sheriff's Office ability to adequately respond to and/or resolve the issues for which you are grieving. The release authorization on the back of the **white sheet** is the sole original authorization.

------------ | ***Do not write below the dotted line for Staff use only*** | ------------

Rec'd by: HENSLIN 5419    Date: 9/16/19  Resolved on scene by: _____    Date: __/__/__

Reply:
Mr. Washington, you are correct, it is a rule violation for any inmate to bring books and/or cards to the yard, However, I have attached a sheet with different exercises you have the option of utilizing while in yard. Hope this helps.

Reviewing Supervisor: IFGRAY 4863    Date: 9/17/19

If not resolved, routed to: CDII Gray    By: Sgt. Chapman 3079    Date: 9/17/19

Administrative review: LT COBB    Date: 9/18/19

SH – 585a (Revised 07/17) (Admin/Ops)    Distribution: Original – Admin / Yellow - Inmate Reply Copy / Pink-Admin Dep / Golden – Inmate Copy

To: California Forensic Medical Group (CFMG), Santa Barbara County Jail.

Patients Name: _____ Date of Birth: _____/_____/_____
            First                     Last              MI
    CID #: _____ Alias: _____

HIPAA Authorization for Release of Health Information.

I, _____, hereby authorize California Medical Forensic Group (CFMG) to release any and all of my health information related to services provided to me during this incarceration to the Santa Barbara County Sheriff's Office, or any Deputy, Custody Deputy, Investigator, the Grievance Coordinator, or any other duly appointed and identified agent of the Santa Barbara County Sheriff's Office for the purpose of investigating and resolving the complaints detailed in the Grievance Form included on the reverse of this release.

The sole purpose of this release is to allow a response to my complaint(s) with sufficient detail to answer or resolve my concerns as detailed in the attached grievance. I am aware that my information may contain information that otherwise would be considered confidential.

I have thoroughly read this release, and by my initials here ( _____ ) indicate that I am aware of my **special rights to keep my records confidential**, especially any records pertaining to my Psychiatric/Mental Health/Psychological history, or records revealing alcohol or drug abuse history, or treatment provided under the **Health Insurance Portability and Accountability Act of 1996 (HIPAA) and the Lanterman-Petris-Short Act (LPS)**. With this special protection in mind, and by my initials above and signature below, I waive these rights so that I may be able to provide the Santa Barbara Sheriff's Office with my records and/or information. I further understand that there is the potential for this information to be re-disclosed by the recipient and the County of Santa Barbara is not responsible for re-disclosure. California law prohibits health care providers and health plans from re-disclosing information except with my written authorization or as specifically permitted by law. By my initial above, and signature below, I also authorize re-disclosure of my information and/or records as necessary. I hereby also release records custodians from any liability that may arise from such disclosure.

I understand that the County of Santa Barbara does not condition my eligibility for services on my signing this form, and that I may revoke this authorization by writing the Sheriff's Office, or any Deputy, Custody Deputy, Investigator, the Grievance Coordinator, or any other duly appointed and identified agent of the Santa Barbara County Sheriff's Office. A copy of this authorization is included on my copy of the grievance form.

This authorization is intended to be valid for a period of ninety (90) days from the date it is signed, or upon conclusion of this review/investigation, whichever is earlier, and copies of this authorization have the same force and effect as the original.

Executed at: Santa Barbara County Jail.

Signature: _____ Date: _____/_____/_____

Witness: _____ Date: _____/_____/_____ Time: _____

DAREBEE
WORKOUT
© darebee.com

# SUPER X

**LEVEL I** 3 sets
**LEVEL II** 5 sets
**LEVEL III** 7 sets
**REST** up to 2 minutes



**20** chest expansions



**20** side arm raises



**10** chest squeezes



**20** dives



**20** twists



**10** circles



**20** overhead punches



**20** punches



**10** speed circles

# SANTA BARBARA COUNTY SHERIFF'S OFFICE
## Custody Operations – Inmate Grievance Form

Staff Use Only
CID# 010885
LOG#_____

Name: A. Washington    Booking#: 115828    Housing: South Dorm

Date: 9/20/19    Check One: ☐ Grievance    ☑ Appeal Log#: 16331

The Americans with Disabilities Act mandates that public entities make reasonable accommodations to provide the disabled with meaningful access to its programs, services, and activities. In this case, since this facility has opted to provide exercise equipment for non-disabled inmates, meaningful access means more than a printed exercise sheet. It means lower pull up bars for wheelchair inmates, hand-turned exercise bikes for cardio, and phone access during exercise periods to the same extent non-disabled persons have access to cardio exercise, phones, and pull up bars while utilizing yard facilities. Thus, I am dissatisfied with the sellers reply to grievance number 16331.

**Jail policy is that a written response will be provided within 15 days of receipt of the grievance.**

If this grievance is related to the Medical, Psychiatric/Mental Health, Dental, or Vision care provided to you during this incarceration, you **must** complete and sign the release form on the reverse side of this sheet. Failure to sign the release form will limit the Sheriff's Office ability to adequately respond to and/or resolve the issues for which you are grieving. The release authorization on the back of the **white sheet** is the sole original authorization.

------------------- ***Do not write below the dotted line for Staff use only*** -------------------

Rec'd by: _____ Date: 09/20/19 Resolved on scene by: N/A    Date: 9/20/19

Reply:

MR. WASHINGTON, WE ARE ACTIVELY TAKING THE NECESSARY STEPS NEEDED TO APPROVE, AND BE ABLE TO PROVIDE DISABLED INMATES WITH AN ALTERNATIVE TYPE OF EXERCISE EQUIPMENT THAT WOULD ACCOMODATE THEIR/YOUR DISABILITIES.

Reviewing Supervisor: _____ Date: 9/24/19

If not resolved, routed to: Admin    By: Sgt. Alexander    Date: 9/24/19

Administrative review: G. LAMMER #2711    Date: 9/24/19

SH – 585a (Revised 07/17) (Admin/Ops)    Distribution: Original – Admin / Yellow - Inmate Reply Copy / Pink-Admin Dep / Golden – Inmate Copy

To: California Forensic Medical Group (CFMG), Santa Barbara County Jail.

Patients Name: _____ Date of Birth: _____/_____/_____
            First                 Last           MI
    CID #: _____ Alias: _____

                   HIPAA Authorization for Release of Health Information.

I, _____, hereby authorize California Medical Forensic Group (CFMG) to release any and all of my health information related to services provided to me during this incarceration to the Santa Barbara County Sheriff's Office, or any Deputy, Custody Deputy, Investigator, the Grievance Coordinator, or any other duly appointed and identified agent of the Santa Barbara County Sheriff's Office for the purpose of investigating and resolving the complaints detailed in the Grievance Form included on the reverse of this release.

The sole purpose of this release is to allow a response to my complaint(s) with sufficient detail to answer or resolve my concerns as detailed in the attached grievance. I am aware that my information may contain information that otherwise would be considered confidential.

I have thoroughly read this release, and by my initials here ( _____ ) indicate that I am aware of my **special rights to keep my records confidential**, especially any records pertaining to my Psychiatric/Mental Health/Psychological history, or records revealing alcohol or drug abuse history, or treatment provided under the **Health Insurance Portability and Accountability Act of 1996 (HIPAA) and the Lanterman-Petris-Short Act (LPS)**. With this special protection in mind, and by my initials above and signature below, I waive these rights so that I may be able to provide the Santa Barbara Sheriff's Office with my records and/or information. I further understand that there is the potential for this information to be re-disclosed by the recipient and the County of Santa Barbara is not responsible for re-disclosure. California law prohibits health care providers and health plans from re-disclosing information except with my written authorization or as specifically permitted by law. By my initial above, and signature below, I also authorize re-disclosure of my information and/or records as necessary. I hereby also release records custodians from any liability that may arise from such disclosure.

I understand that the County of Santa Barbara does not condition my eligibility for services on my signing this form, and that I may revoke this authorization by writing the Sheriff's Office, or any Deputy, Custody Deputy, Investigator, the Grievance Coordinator, or any other duly appointed and identified agent of the Santa Barbara County Sheriff's Office. A copy of this authorization is included on my copy of the grievance form.

This authorization is intended to be valid for a period of ninety (90) days from the date it is signed, or upon conclusion of this review/investigation, whichever is earlier, and copies of this authorization have the same force and effect as the original.

Executed at: Santa Barbara County Jail.

Signature: _____ Date: _____/_____/_____

Witness: _____ Date: _____/_____/_____ Time: _____

# Santa Barbara County Sheriff's Office

### Disability Request for Accommodations



Inmate's Name/*Nombre:* WASHINGTON, ADVAN          CID/ # de CID: 0108885

Module/*Modulo:* S-Dorm          Date/*Fecha:* 10/15/19

---

**Section A:**   Inmate Request for Accommodation (Describe Disability)
*Solicitud del Preso para acomadar una invalidez (Describa la Invalidez)*

SEE GRIEVANCE LOG #16331 FOR REQUEST

---

**Section B:**   Reason for Accommodation Requested
*Razon Para Acomadar la Invalidez*

---

— — — — — — — — — — — — — — —**BELOW FOR STAFF USE ONLY**— — — — — — — — — — — — — — —

**Section C:**   ☐ Accommodation Granted/*Solucitud Acomadar*   ☒ Not Granted/*Negar la Solicitud*

Explanation/*Explicacion:* PLEASE SEE ATTACHED DOCUMENT

---

Medical Staff's Signature: _____   Date: _____

ADA Coordinator's Signature: _____ #4823   Date: 10/15/19

Division Lieutenant's Signature _____ #27H Date: 10/18/19 AM

**Distribution:**   White — Medical Staff   Yellow — Classification   Pink — ADA Coordinator   Goldenrod — Response

REV-2016 ADA 1.1

10/15/2019

Mr. Washington,

Further inquiry into your request for ADA compliant South Yard exercise
equipment, or the option to bring books and games to yard has been concluded.
The wheelchair exercise regimen and racquetball that are provided to you during
yard, are sufficient forms of accommodation for the pull-up bar that is provided
to inmates in the South Housing Module. Your request for further
accommodation is denied at this time. Your request for books and games at yard
is also denied, due to being a violation of jail rules.

CDII Gray
#74863  10/15/19

# EXHIBIT B

# Santa Barbara County Sheriff's Office



## Disability Request for Accommodations

**Inmate's Name/*Nombre*:** Washington, Arvan          **CID/ # de CID:** 0108885

**Module/*Modulo*:** S-Dorm          **Date/*Fecha*:** 05/06/2019

---

**Section A:     Inmate Request for Accommodation (Describe Disability)**

*Solicitud del Preso para acomadar una invalidez (Describa la Invalidez)*

1) Inmate requesting a cane, medical brace, orthopedic shoes & half inch heal lift or just a wheelchair.

2) Inmate requesting National Library Service Talking Books for the blind.

3) 14pt print of LRA materials.

*[margin notation: #2 #3]*

---

**Section B:     Reason for Accommodation Requested**

*Razon Para Acomadar la Invalidez*

Per inmate:

1) Arthritis hip/spine, bilateral congenital pes velgus, bilateral plantar faciitis, peripheral neuropathy, shredded tendons both feet.

2) Visual impairment due to end stage glaucoma in both eyes.  Inmate claims to be registered at the Los Angeles Braille Institute.

  (Upon further investigation, inmate is not registered at the LA Braille Institute, but is registered at the Los Angeles Braille Library)

---

— — — — — — — — — —BELOW FOR STAFF USE ONLY— — — — — — — — —

---

**Section C:     ☒Accommodation Granted/*Solucitud Acomadar*     ☒ Not Granted/*Negar la Solicitd***

**Explanation/*Explicacion*:**  inmate was admitted on a wheelchair per medical intake triage, inmate already has MTO for wheelchair that is current. He currently has a wheelchair that he use. no brace or shoe required a/ he is on w/c.
#2 & #3 approved.

**Medical Staff's Signature:** _____          **Date:** 8/22/19

**ADA Coordinator's Signature:** _____ #4862          **Date:** 8/26/19

**Division Lieutenant's Signature:** _____ #1076          **Date:** 8/27/19

**Distribution:**     White — Medical Staff     Yellow — Classification     Pink — ADA Coordinator     Goldenrod — Response

REV-2016 ADA 1.1

# EXHIBIT C

**Exhibit C**

# Medical Treatment Order for Patient Housing

## ARVAN WASHINGTON #641637

| | | | | |
|---|---|---|---|---|
| **CID Number:** | 0108885 | **Interviewer:** | MD Correa, Stevan (11/13/2019 1522) | |
| **DOB:** | 09/28/1964 | | | |

| | | |
|---|---|---|
| Start date | | 11/13/2019 |
| End date | | 02/13/2020 |
| Condition/Disability: | ☐ Vision Impaired | |
| | ☐ Hearing Impaired | |
| | ☐ Speech Impaired | |
| | ☐ Learning Disability | |
| | ☐ Mobility Impairment | |
| | ☐ Seizure Condition | |
| | ☐ Pregnancy | |
| | ☐ Drug/Alcohol Withdrawal | |
| | ☑ **Physical Limitation (describe limits):** | |
| | ☑ **Other (specify):** | |
| Treatment/Housing Order/Accommodation: | ☐ Lower tier | |
| | ☐ Lower bunk | |
| | ☐ Extra mattress | |
| | ☐ Extra blanket | |
| | ☐ CPAP device | |
| | ☐ Cane | |
| | ☐ Crutches | |
| | ☐ Walker | |
| | ☐ Orthotic or Personal Shoes | |
| | ☐ Prosthesis | |
| | ☑ **Wheelchair full time** | |
| | ☐ Wheelchair part time/out of unit | |
| | ☐ House in ADA cell | |
| | ☐ Shower chair/ADA Shower | |
| | ☐ Infirmary/OPHU level care housing | |
| | ☐ Daily changes of clothing/linens (specify): | |
| | ☐ Other: (specify): | |
| Medical Provider: | stevan correa | |
| Nurse: | | |

Form: Handouts & Signs #003
Author: CFMG
Form Implemented: CFMG
Last Revised: 7.24.19 KP
Type: R-California

# EXHIBIT D

**Exhibit D**

# CPS | the center for the partially sighted

December 4, 2014

Department of Rehabilitation
Attn: Ms. Susan Lucas
509 East Montecito Street
Suite 101
Santa Barbara, CA 93103

Dear Ms. Lucas:

Thank you for your referral. Mr. Arvan Washington, DOB: 09-28-1964, was seen at our Center on November 20, 2014. He is Legally Blind due to Primary Open Angle Glaucoma. The following summarizes our clinical findings and recommendations.

| Unaided distance visual acuity: | R: | 20/70 | |
| | L: | 20/200 | |
| Distance with habitual SRx: | | None | |
| Best corrected distance: | R: | -0.50-0.75X095 | 20/40 |
| | L: | -1.00-0.50X180 | 20/20 |
| Near add: | R: | +2.25 | 20/40 |
| | L: | +2.25 | 20/20 |
| Visual Field: | R: | Scotoma | |
| | L: | Scotoma | |
| Glare Sensitivity: | | Severe | |

The following visual aids were found to be most beneficial:
1.  Single-vision sun Rx for glare (20/20).          Cost: $276.00          Code: V2610
2.  Bifocal Rx for general use (20/20).               Cost: $310.00          Code: V2610

Non-optometric recommendations processed by our Center:
1.  Independent Living Skills
2.  Orientation and Mobility
3.  Technology Assessment

Again, thank you for your referral. Should you have any questions, please contact me at (805)863-4234.

Sincerely,

*Jason Chang, O.D.*
Jason Chang, O.D.
Examining Optometrist
State License Number: 13148T

JC:nvh

*there's hope in sight*



RECEIVED
CLERK, U.S. DISTRICT COURT

JAN 1 0 2020

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

UNITED STATES POSTAL SERVICE
Retail

US POSTAGE PAID
$7.85

Origin: 92814
01/09/20
0502260201-10

PRIORITY MAIL 1-DAY ®

1 Lb 2.80 Oz
1006

C032

EXPECTED DELIVERY DAY:  01/10/20

SHIP
TO:
256 E TEMPLE ST
LOS ANGELES CA  90012-3332

USPS TRACKING®NUMBER

9505 5141 0324 0009 3170 70

United States Dist. Court
Central Dist of California
Office of the Clerk
255 East Temple St, Room No 180
Los Angeles, Ca 90012

Washington

bera county Jail
e Real
bara, Ca  93110