MICHAEL C. GHIZZONI, COUNTY COUNSEL
CHRISTOPHER E. DAWOOD, DEPUTY (SBN 281054)
COUNTY OF SANTA BARBARA
105 E. Anapamu St., Suite 201
Santa Barbara, CA 93101
(805) 568-2950 / FAX: (805) 568-2982
cdawood@co.santa-barbara.ca.us

Attorneys for Defendant
COUNTY OF SANTA BARBARA
(erroneously sued as SANTA BARBARA
COUNTY SHERIFF'S DEPARTMENT)

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARVAN WASHINGTON III,<br><br>Plaintiff,<br><br>v.<br><br><br>SANTA BARBARA COUNTY SHERIFF'S DEPARTMENT,<br><br>Defendant. | Case No: 2:20-cv-00534-GW (JPRx)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS BY DEFENDANT COUNTY OF SANTA BARBARA (erroneously sued as SANTA BARBARA COUNTY SHERIFF'S DEPARTMENT)**<br><br>[Filed concurrently with Request to Take Judicial Notice and [Proposed] Order]<br><br>**[Fed. R. Civ. P. 12(c)]**<br><br>Hearing Date: July 15, 2021<br>Hearing Time: 8:30 a.m.<br><br>Judge: Hon. George H. Wu<br>Courtroom: 9D – 350 W. 1st St.<br><br>Trial Date: 10/26/21<br>FPTC Date: 10/14/21<br>Discovery Cut-off Date: 04/09/21 |

COUNTY COUNSEL
County of Santa Barbara
105 East Anapamu Street
Santa Barbara, CA 93101
(805) 568-2950

# <u>TABLE OF CONTENTS</u>

INTRODUCTION…………………........................................................1

STATEMENT OF PERTINENT ALLEGED FACTS .......................................1

ARGUMENT…………………......................................................................2

    I.    LEGAL STANDARD.........................................................................2

    II.   THIS MOTION IS TIMELY. ..............................................................4

    III.  PLAINTIFF IS NOT ENTITLED TO MONETARY
          RELIEF UNDER FEDERAL LAW…………....................................4

    IV.  PLAINTIFF'S ADA CLAIMS FOR INJUNCTIVE RELIEF
          ARE MOOT DUE TO HIS RELEASE FROM CUSTODY……… 5

    V.   PLAINTIFFS FIRST CAUSE OF ACTION ALLEGING
          VIOLATION OF THE AMERICANS WITH
          DISABILITIES ACT IS BARRED BY THE DOCTRINE
          OF RES JUDICATA…………...........................................................5

    VI.  THE COURT SHOULD DISMISS PLAINTIFF'S
          REMAINING STATE LAW CLAIMS, THE SECOND
          AND THIRD CAUSES OF ACTION, WITHOUT
          PREJUDICE…………......................................................................8

CONCLUSION…………………....................................................................10

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

COUNTY COUNSEL
County of Santa Barbara
105 East Anapamu Street
Santa Barbara, CA 93101
(805) 568-2950

# TABLE OF AUTHORITIES

## FEDERAL CASES

Federal Cases

Ashcroft v. Iqbal,
    556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)....................................3

Bell Atlantic Corp. v. Twombly,
    550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)....................................3

Cafasso, U.S. ex rel. v. General Dynamics C4 Systems, Inc.,
    637 F.3d 1047 (9th Cir. 2011)....................................................................2, 3

Chavez v. United States,
    683 F.3d 1102 (9th Cir. 2012)........................................................................2

Cooper v. Federal Reserve Bank of Richmond,
    (1984) 467 U.S. 867......................................................................................6

Darring v. Kincheloe,
    783 F.2d 874 (9th Cir.1986)..........................................................................5

Dilley v. Gunn,
    64 F.3d 1365 (9th Cir.1995)..........................................................................5

Dosier v. Miami Valley Broadcasting Corp.,
    (9th Cir.1981) 656 F.2d 1295........................................................................6

Duvall v. County of Kitsap,
    (9th Cir.2001) 260 F.3d 1124........................................................................4

Ferguson v. City of Phoenix,
    (9th Cir.1998) 157 F.3d 668..........................................................................4

Fleming v. Pickard,
    581 F.3d 922 (9th Cir. 2009)........................................................................2

In re Villegas,
    132 B.R. 742 (B.A.P. 9th Cir. 1991)..............................................................4

Montana v. United States,
    (1979) 440 U.S. 147......................................................................................6

COUNTY COUNSEL
County of Santa Barbara
105 East Anapamu Street
Santa Barbara, CA 93101
(805) 568-2950

Moyo v. Gomez,
    40 F.3d 982 (9th Cir. 1994)...............................................................................3

Norcal Gold, Inc. v. Laubly,
    543 F.Supp.2d 1132 (E.D. Cal. 2008)................................................................4

PUC v. FERC,
    100 F.3d.............................................................................................................5

Richards v. Jefferson County,
    (1996) 517 U.S. 793...........................................................................................6

Rivet v. Regions Bank,
    (1998) 522 U.S. 470...........................................................................................6

Stone v. Bank of Commerce,
    (1899) 174 U.S. 412...........................................................................................6

Wander v. Kaus (9th Cir.2002),
    304 F.3d 856 (Wander ) ................................................................................8, 9

State Cases

Consumer Advocacy Group, Inc. v. ExxonMobil Corp.,
    (2008) 168 Cal.App.4th 675 .............................................................................6

Holmes v. Rogers,
    (1859) 13 Cal. 191.............................................................................................6

Johnson v. American Airlines, Inc.,
    (1984) 157 Cal.App.3d 427...............................................................................6

Louie v. BFS Retail & Commercial Operations, LLC,
    (2009) 178 Cal.App.4th 1544 ...........................................................................9

Mycogen Corp. v. Monsanto Co.,
    (2002) 28 Cal.4th 888 .......................................................................................6

Federal Statutes

42 U.S.C. section 1997e(e).........................................................................................4

28 U.S.C., section 1367(c)..........................................................................................8

COUNTY COUNSEL
County of Santa Barbara
105 East Anapamu Street
Santa Barbara, CA 93101
(805) 568-2950

**MEMO OF P&A IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS**
iv.

Federal Rules

Fed. R. Civ P. 12(b)(6) ................................................................................2, 3

Fed. R. Civ. P. 12(c) ................................................................................2, 3, 4

Other Authorities

*Black's Law Dictionary* (8th ed. 2004) ...................................................6

William B. Rubenstein, 5 *Newberg on Class Actions* (4th ed. 2002) ...................6

COUNTY COUNSEL
County of Santa Barbara
105 East Anapamu Street
Santa Barbara, CA 93101
(805) 568-2950

**MEMO OF P&A IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS**
v.

## MEMORANDUM OF POINTS AND AUTHORITIES

### INTRODUCTION

This action involves allegations that the Santa Barbara County Jail failed to provide meaningful access to its programs for disabled inmates, in violation of state and federal disability laws. The Plaintiff is a former inmate of Santa Barbara County Jail who has since been released. As such, Plaintiff's federal claims are moot as this Court can no longer grant the injunctive relief sought. Furthermore, the alleged violations have already been addressed in a previous class-action lawsuit by all current and future inmates of the County Jail. Therefore, as a putative class member, even if Plaintiff's federal claims are not mooted by his release they are nonetheless barred by res judicata. Accordingly, this Court should grant judgment in the County's favor on Plaintiff's federal causes of action, decline to exercise supplemental jurisdiction and dismiss Plaintiff's remaining state law causes of action without prejudice.

### STATEMENT OF PERTINENT ALLEGED FACTS

Plaintiff Arvan Washington III ("Plaintiff") alleges that he is a wheelchair-bound former inmate of Defendant Santa Barbara County ("County") Jail. (Complaint, p.7.)  On January 17, 2020, Plaintiff filed a Civil Rights Complaint ("Complaint") alleging violations of the Americans with Disabilities Act ("ADA") (42 U.S.C. § 12131 et seq.), Unruh Civil Rights Act (Cal. Civ. Code § 51 et seq.), and Disabled Persons Act (Cal. Civ. Code § 54.1 et seq.). In the Complaint, Plaintiff alleges County denied wheelchair-bound inmates meaningful access to programs and services, particularly outdoor recreation opportunities and access to audiobooks. (Complaint ¶8-11.) Plaintiff seeks injunctive relief, statutory damages under state law, and unspecified "compensatory damages." (Complaint pp. 21-24.) On August 19, 2020, Plaintiff was released from custody. (Docket No. 29, Plaintiff's Notice of Change of Address filed October 6, 2020;

COUNTY COUNSEL
County of Santa Barbara
105 East Anapamu Street
Santa Barbara, CA 93101
(805) 568-2950

**MEMO OF P&A IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS**

Request for Judicial Notice ("RJN"), Exhibit A, County Jail Management System Printout for Inmate Arvan Washington III ("Exhibit A").)

On February 2, 2021, this Court approved a stipulated judgment in a class-action lawsuit brought by all current and future inmates at the Santa Barbara County Jail against the County. (RJN Exhibit B, Class Action Stipulated Judgment and Remedial Plan, *Murray v. County of Santa Barbara* (2:17-cv-08805-GW-JPR) ("Exhibit B"); RJN Exhibit C, Order Granting Motion for Final Approval of Stipulated Judgment ("Exhibit C").) In that action, inmates alleged several ongoing violations of the ADA and sought injunctive relief against the County. Through the stipulated judgment, County agreed to implement the measures set forth in the Remedial Plan. (*Id*.) The Remedial Plan is wide-ranging and covers several areas of jail operations, including ADA accessibility to outdoor recreation opportunities, day room and out-of-cell time, access to reading materials for visually-impaired inmates, and many other disability-related issues. (*Ibid.*)

## ARGUMENT

## I.    LEGAL STANDARD.

A party may move for judgment on the pleadings after the pleadings are closed. Fed. R. Civ. P. 12(c). The motion must be brought early enough in the case not to delay trial. *Id.* "'Judgment on the pleadings is properly granted when [, accepting all factual allegations in the complaint as true,] there is no issue of material fact in dispute, and the moving party is entitled to judgment as a matter of law.'" *Chavez v. United States,* 683 F.3d 1102, 1108 (9th Cir. 2012) (quoting *Fleming v. Pickard,* 581 F.3d 922, 925 (9th Cir. 2009)). Rule 12(c) has been deemed "functionally identical" to Rule 12(b)(6). *Cafasso, U.S. ex rel. v. General Dynamics C4 Systems, Inc.,* 637 F.3d 1047, 1054 n.4 (9th Cir. 2011). The same standard of review applies to both Rule 12(b)(6) motions and Rule 12(c) motions. *Id.*

COUNTY COUNSEL
County of Santa Barbara
105 East Anapamu Street
Santa Barbara, CA 93101
(805) 568-2950

**MEMO OF P&A IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS**

That standard, established in *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), requires that a "complaint's factual allegations, together with all reasonable inferences, state a plausible claim for relief." *Cafasso, U.S. ex rel. v. General Dynamics C4 Systems, Inc.,* 637 F.3d at 1054. A complaint must be more than "a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). It must allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. That is, the "factual allegations must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. The standard demands more than a sheer possibility that a defendant has acted unlawfully. *Iqbal,* 556 U.S. at 678. Thus, a complaint pleading facts that are merely consistent with a defendant's liability stops short of the line between possibility and plausibility of entitlement to relief. *Id.*

The plausibility analysis requires a two-pronged approach. *Iqbal,* 556 U.S. at 678-79.  First, a court must recognize the elements a plaintiff must plead to state a claim. *Id.* at 675. Then the court identifies which statements in the complaint are factual allegations and which are legal conclusions. For purposes of considering a Rule 12(b)(6) and 12(c) motion, all allegations of material fact must be accepted as true and all inferences must be construed in the light most favorable to the non-moving party. *Moyo v. Gomez,* 40 F.3d 982, 984 (9th Cir. 1994). The court need not accept as true legal conclusions that are made in the form of factual allegations. *Iqbal,* 556 U.S. at 678.

Finally, drawing "on its judicial experience and common sense," the court must decide in the context of the specific case, whether the factual allegations, assuming they are true, allege a plausible claim. *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.

COUNTY COUNSEL
County of Santa Barbara
105 East Anapamu Street
Santa Barbara, CA 93101
(805) 568-2950

8.

MEMO OF P&A IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS

## II.     THIS MOTION IS TIMELY.

This motion is timely because the pleadings are closed and the motion is brought early enough not to delay trial. Fed. R. Civ. P. 12(c).

The pleadings are closed because Defendant has filed its Answer to the Complaint. *See* Answer of Defendants County of Santa Barbara and Santa Barbara County Sheriff's Department (Dkt. No. 18); *In re Villegas*, 132 B.R. 742, 744-45 (B.A.P. 9th Cir. 1991); *Norcal Gold, Inc. v. Laubly*, 543 F.Supp.2d 1132, 1135 (E.D. Cal. 2008).

This motion will not delay trial. Trial of this matter is set to begin on October 26, 2021. The last day for hearing motions in this matter is September 8, 2021. (*See* Scheduling and Case Management Order, Dkt. No. 34.) This motion is set for hearing well in advance of both the motion hearing cut-off and the trial date to ensure no delay of trial.

## III.    PLAINTIFF IS NOT ENTITLED TO MONETARY RELIEF
##         UNDER FEDERAL LAW

Plaintiff claims unspecified "compensatory" damages in his Complaint. (Complaint ¶¶ 24, j.) Under the Prison Litigation Reform Act (42 U.S.C. §1997e(e) ("PLRA"), prisoners may not recover for emotional or mental injury without a prior showing of a physical or sexual injury. Here, Plaintiff makes no such allegation of either a physical or sexual injury resulting from the County's alleged failure to accommodate his disability. Accordingly, Plaintiff's claims for compensatory damages under the ADA are barred by the PLRA.

Furthermore, monetary damages are not available under Title II of the ADA absent a showing of discriminatory intent. (*See Ferguson v. City of Phoenix* (9th Cir.1998) 157 F.3d 668, 674.) To show discriminatory intent, a plaintiff must establish deliberate indifference by the public entity. (*Duvall v. County of Kitsap* (9th Cir.2001) 260 F.3d 1124, 1138.) Plaintiff does not allege discriminatory intent by the County, so damages would not be available as a remedy to him even

COUNTY COUNSEL
County of Santa Barbara
105 East Anapamu Street
Santa Barbara, CA 93101
(805) 568-2950

9.
MEMO OF P&A IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS

if he prevailed on his ADA claim.

## IV.   PLAINTIFF'S ADA CLAIMS FOR INJUNCTIVE RELIEF ARE MOOT DUE TO HIS RELEASE FROM CUSTODY

When an inmate is released from prison and there is no reasonable expectation nor demonstrated probability that he will again be subjected to the prison conditions from which he seeks injunctive relief, the claim for injunctive relief should be dismissed as moot. (*See Dilley v. Gunn,* 64 F.3d 1365, 1368-69 (9th Cir.1995); *Darring v. Kincheloe,* 783 F.2d 874, 876-77 (9th Cir.1986); *see also PUC v. FERC,* 100 F.3d at 1459 [federal court cannot issue declaratory judgment if claim is moot].)

Here, Plaintiff was released from County custody on August 19, 2020. (Docket No. 29, Plaintiff's Notice of Change of Address filed October 6, 2020; County's Request for Judicial Notice in Support of Motion for Judgment on the Pleadings ("RJN"), Exhibit A, Sheriff's Department's Jail Management System ("JMS") printout of the Release of Plaintiff Arvan Washington, III, Inmate Number 0108885, on August 19, 2020, ("Exhibit A").) Plaintiff is not currently incarcerated at any County jail facility and there is no basis in the record before the Court to assume that he will again be subjected to the conditions from which he seeks injunctive relief under the ADA. Therefore, Plaintiff's ADA claims for injunctive and declaratory relief are moot as a matter of law. Because Plaintiff is similarly not entitled to monetary relief, as described above, there is no remaining ADA claim upon which this court may grant relief. Accordingly, Plaintiff's ADA claims are moot and should be dismissed.

## V.   PLAINTIFF'S FIRST CAUSE OF ACTION ALLEGING VIOLATION OF THE AMERICANS WITH DISABILITIES ACT IS BARRED BY THE DOCTRINE OF RES JUDICATA.

Under federal and California law, res judicata generally precludes parties or their privies from litigating in a second lawsuit issues that were or could have

COUNTY COUNSEL
County of Santa Barbara
105 East Anapamu Street
Santa Barbara, CA 93101
(805) 568-2950

been litigated in a prior suit. (*Rivet v. Regions Bank* (1998) 522 U.S. 470, 476 [case brought in Louisiana state court was improperly removed to federal court, where basis for removal was defendants' assertion that action was precluded by prior federal court orders]; *Mycogen Corp. v. Monsanto Co.*(2002) 28 Cal.4th 888, 896–897, 904.)

"Under both California and federal law, res judicata bars a subsequent suit if the same cause of action has been previously adjudicated in a suit between the same parties. (*Montana v. United States* (1979) 440 U.S. 147, 153.) It is also settled ... that a court-approved settlement pursuant to a final consent decree in a class action will operate to bar subsequent suits by class members. [Citations.] ... 'A judgment entered ... by consent or stipulation, is as conclusive a ... bar as a judgment rendered after trial.' [Citations.]" (*Johnson v. American Airlines, Inc.* (1984) 157 Cal.App.3d 427, 431, citing, inter alia, *Dosier v. Miami Valley Broadcasting Corp.* (9th Cir.1981) 656 F.2d 1295, 1298.)

A consent decree is a "court decree that all parties agree to." (Black's Law Dict. (8th Ed.2004) p. 441.) Federal law recognizes that an attorney has power to bind his or her client. (*Stone v. Bank of Commerce* (1899) 174 U.S. 412, 422.) California recognizes that a consent decree entered by consent of an attorney is binding upon the client. (*Holmes v. Rogers* (1859) 13 Cal. 191, 200.)

Under federal and California law, a judgment in a class action is binding on class members in any subsequent litigation, though the ability to bind absent class members depends on compliance with due process regarding notice and adequate representation. (*Richards v. Jefferson County* (1996) 517 U.S. 793, 798–801; *Cooper v. Federal Reserve Bank of Richmond* (1984) 467 U.S. 867, 874; *Johnson, supra,* 157 Cal.App.3d at p. 431, 203 Cal.Rptr. 638; 5 Newberg on Class Actions (4th ed.2002) § 16:21, pp. 230, 235; see also, *Consumer Advocacy Group, Inc. v. ExxonMobil Corp.* (2008) 168 Cal.App.4th 675, 689–693 [discussing privity in context of plaintiffs purporting to act as enforcers of the

COUNTY COUNSEL
County of Santa Barbara
105 East Anapamu Street
Santa Barbara, CA 93101
(805) 568-2950

11.

public interest].)

Here, at the time of the filing of his action, Plaintiff was an inmate at the County Jail who was "disabled within the meaning of the [ADA]." (Complaint p.7.) The plaintiff class description in the *Murray* litigation includes "all people who are now, or in the future will be, incarcerated in the Santa Barbara County jail system and who are qualified individuals with disabilities." (RJN, Exhibit B, Stipulated Judgment in United States District Court, Central District of California, case no. 2:17-cv-08805-GW-JPR, entitled *Murray, et al. v. County of Santa Barbara, et al.,* ("Exhibit B") p.1.) Therefore, Plaintiff is a putative class member and party in the *Murray* litigation.

Furthermore, the ADA issues raised in Plaintiff's Complaint were already addressed in the stipulated judgment in *Murray*. Plaintiff's ADA claim is based on the County's alleged denial of equal access to outdoor recreational opportunities for wheelchair-bound inmates, and access to reading materials for visually-impaired inmates. (Complaint ¶9-11.) The Remedial Plan in the *Murray* stipulated judgment addresses the accessibility issues raised in Plaintiff's Complaint. For example, the Remedial Plan specifies that "the County shall ensure people with disabilities…have equal access to programs, services, and activities available to similarly situated people without disabilities, consistent with their health and security needs…Such programs, services, and activities include, but are not limited to…Dayroom and other out-of-cell time…Outdoor recreation (including accessible exercise equipment) …Reading materials (including easy reading, large print books and other materials accessible to people with a vision-related disability…" (RJN Ex. B, §V, subd. (J)(1)(c, d, h), p.34.)

The stipulated judgment in *Murray* is binding on all members of its plaintiff class. Because Plaintiff was a member of that plaintiff class, he is bound by the stipulated judgment in that matter. Furthermore, the Remedial Plan set forth in the stipulated judgment addresses all of the substantive issues raised in Plaintiff's

COUNTY COUNSEL
County of Santa Barbara
105 East Anapamu Street
Santa Barbara, CA 93101
(805) 568-2950

12.

ADA claims. Therefore, Plaintiff's ADA claims are barred by the doctrine of res judicata. Accordingly, the County respectfully requests this Court dismiss Plaintiff's ADA claims with prejudice on this basis as well.

## VI.   THE COURT SHOULD DISMISS PLAINTIFF'S REMAINING STATE LAW CLAIMS, THE SECOND AND THIRD CAUSES OF ACTION, WITHOUT PREJUDICE

"Where a federal court, in a case brought under the ADA and state disability laws, does not resolve any issue of the state disability laws, the federal courts will dismiss the state claims without prejudice to their being filed in state court, even where the state disability statutes incorporate the ADA." (*Louie v. BFS Retail & Commercial Operations, LLC* (2009) 178 Cal.App.4th 1544, 1555.)

In *Wander v. Kaus* (9th Cir.2002) 304 F.3d 856 (*Wander* ), a plaintiff filed a lawsuit in federal court, alleging the defendants' structural barriers discriminated against the disabled in violation of Title III of the ADA and the California DPA. (*Id.* at p. 857.) The DPA claim was premised on the ADA violation. The plaintiff sought injunctive relief under the ADA and damages under the DPA.

In *Wander,* the defendants' transfer of the property to new owners rendered moot the ADA claim for injunctive relief, leaving only the DPA claim for damages. The defendants moved to dismiss the ADA claim as moot and to dismiss the state law claim without prejudice under the discretionary supplemental jurisdiction statute, title 28 of the United States Code, section 1367(c), which provides that district courts may decline to exercise supplemental jurisdiction over a claim if it has dismissed all claims over which it has original jurisdiction. The federal district court granted the motion. The plaintiff appealed, challenging the district court's ruling that the mere fact that a previous violation of federal law would also give rise to a state law claim was inadequate to vest the district court with federal question jurisdiction over the state law claim. (*Wander, supra,* 304 F.3d at p. 858.) The Ninth Circuit affirmed, holding "there is no federal-question

COUNTY COUNSEL
County of Santa Barbara
105 East Anapamu Street
Santa Barbara, CA 93101
(805) 568-2950

13.

jurisdiction over a lawsuit for damages brought under California's [DPA], even though the California statute makes a violation of the federal [ADA] a violation of state law. Congress intended that there be no federal cause of action for damages for a violation of Title III of the ADA. To exercise federal-question jurisdiction in these circumstances would circumvent the intent of Congress. Federal-question jurisdiction is not created merely because a violation of federal law is an element of a state law claim." (*Id.* at p. 857.)

"In most cases, when federal and state law claims are joined in a federal court action and the federal claims are dismissed, the pendent state claims are dismissed *without prejudice* to filing them in state court, in order to avoid needless decisions of state law ... as a matter of comity and to promote justice between the parties." (*Louie, supra*, 178 Cal.App.4th at 451 (citations and quotations omitted).)

As in *Louie* and *Wander*, Plaintiff here makes state law disability claims premised on the same alleged violations cited in his ADA claim. Because his ADA claims are both moot and barred by res judicata, the Court should dismiss Plaintiff's remaining state law claims without prejudice. Doing so would not only preserve Plaintiff's state law claims, but would prevent this Court from rendering a "needless decision of state law." (*Louie, supra*, 178 Cal.App.4th at 451.) Accordingly, the County requests this Court dismiss Plaintiff's state law causes of action without prejudice.

///

///

///

///

///

///

///

COUNTY COUNSEL
County of Santa Barbara
105 East Anapamu Street
Santa Barbara, CA 93101
(805) 568-2950

14.
MEMO OF P&A IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS

## CONCLUSION

For the reasons set forth above, the County respectfully requests that this Court enter judgment as a matter of law for the County and dismiss Plaintiff's first cause of action as set forth in the Complaint, and further decline supplemental jurisdiction and dismiss Plaintiff's remaining state law causes of action without prejudice.

Dated: June 11, 2021   MICHAEL C. GHIZZONI
         COUNTY COUNSEL

         By: /S/ - Christopher E. Dawood
         Christopher E. Dawood
         Deputy County Counsel
         Attorneys for Defendant
         COUNTY OF SANTA BARBARA
         (erroneously sued as SANTA BARBARA
         COUNTY SHERIFF'S DEPARTMENT)

COUNTY COUNSEL
County of Santa Barbara
105 East Anapamu Street
Santa Barbara, CA 93101
(805) 568-2950

15.

## DECLARATION OF SERVICE

I am a citizen of the United States and a resident of Santa Barbara County. I am over the age of eighteen years and not a party to the within entitled action; my business address is 105 East Anapamu Street, Suite 201, Santa Barbara, CA.

On June 11, 2021, I served a true copy of the within **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS BY DEFENDANT COUNTY OF SANTA BARBARA (erroneously sued as SANTA BARBARA COUNTY SHERIFF'S DEPARTMENT)** on the interested parties in this action by:

☒   by mail.  I am familiar with the practice of the Office of Santa Barbara County Counsel for and processing of correspondence for mailing with the United States Postal Service.  In accordance with the ordinary course of business, the above-mentioned documents would have been deposited with the United States Postal Service on June 11, 2021, after having been deposited and processed for postage with the County of Santa Barbara Central Mail Room.

☒   electronic transmission via CM/ECF to the persons indicated below:

Arvan Washington III
1425 North Depot Drive
Santa Maria, CA 93458

arvanwashingtoniii@gmail.com

☒   (Federal)  I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

Executed on June 11, 2021, at Santa Barbara, California.

/s/ - Mark Yee
Mark Yee

COUNTY COUNSEL
County of Santa Barbara
105 East Anapamu Street
Santa Barbara, CA 93101
(805) 568-2950

**MEMO OF P&A IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS**